UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      Case No.  8:10-cr-252-T-30TBM

WELLINGTON ROLANDO MACIAS LUCAS
_____

ORDER

This cause comes on for consideration of Defendant's Motion for Judgment of Acquittal (D-109), Defendant's Motion for New Trial (D-110), and the Government's opposition thereto (D-117).

To put this matter in context, Defendant and his co-defendants were charged in a two-count Indictment with conspiracy to possess with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States and possession with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1), 70504(a)(1), 70506(a) and (b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).  Defendant's two co-defendants each entered a guilty plea. Defendant proceeded to trial on January 24, 2011. On January 26, 2011, at the close of the Government's case-in-chief, Defendant moved for a judgment of acquittal, arguing that the Government had not satisfied its burden of proving Defendant's guilt beyond a reasonable doubt. The Court denied the motion and found sufficient evidence presented at trial for a jury to find

Defendant guilty beyond a reasonable doubt. Defendant then testified on his own behalf. Special Agent William Coker testified in the Government's rebuttal case. After the Government rested on January 27, 2011, Defendant renewed his motion for judgment of acquittal, which the Court denied.

After approximately three hours of deliberations, the jury sent a note indicating that it could not reach a verdict as to either Count. After discussing the matter with counsel, and over the objection of defense counsel, the Court read the Eleventh Circuit pattern Modified "Allen" Charge to the jury. The jury then requested that it adjourn deliberations for the day, which it was permitted to do. The following day, on January 28, 2011, after approximately 90 minutes of deliberation that morning, the jury reached a verdict. The jury found Defendant not guilty as to Count One but guilty as to Count Two of the Indictment.

Defendant timely filed his motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(c) and motion for new trial pursuant to Fed.R.Crim.P. 33(a). Defendant contends that no reasonable jury could find that the Government proved the elements of Count Two beyond a reasonable doubt. He also argues that no reasonable jury could have not believed his duress defense. Alternatively, Defendant claims that the Government failed to provide that the cocaine seized by the Coast Guard had a nexus to the United States.

Defendant moves for a new trial on the basis of the Court's

Modified "Allen" Charge to the jury. Defendant contends that the charge was coercive and overbearing and unduly pressured the jury into reaching a verdict, thus depriving him of his Due Process Rights under the Fifth Amendment. Alternatively, he contends that undue emphasis was placed upon the statements attributed to Defendant during his interrogation by Agents Coker and Campbell.

The Government responds that there was sufficient evidence for the jury to convict Defendant of Count Two of the Indictment. The Government further argues that it was reasonable for the jury to disbelieve the Defendant's testimony and reject his duress defense. Additionally, the Government argues that the Eleventh Circuit does not require proof of a nexus between the cocaine and the United States.

With regard to Defendant's motion for new trial, the Government argues that the Modified "Allen" Charge was not unduly coercive. The Government further argues that Defendant's statement to Agents Coker and Cruz was voluntarily given and was properly used to impeach Defendant's testimony that he committed the offenses under duress.

The Court addresses each motion in turn.

I. **Motion for Judgment of Acquittal**

Rule 29 provides in relevant part that a court must order the entry of judgment of acquittal of "any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P.

29(a). "In considering a Rule 29 Motion for Judgment of Acquittal, the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, United States v. Brand, 775 F.2d 1460 (11th Cir. 1985), a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citing United States v. Cole, 755 F.2d 748 (11th Cir. 1985)).

As indicated, Defendant previously raised at trial his argument with regard to the sufficiency of the evidence, and the Court denied his motion for judgment of acquittal. Now, after viewing the evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, the Court again finds that there was sufficient evidence from which a reasonable jury could find the Defendant guilty beyond a reasonable doubt of Count Two of the Indictment.

With regard to Defendant's claim that a reasonable jury could not have disbelieved his defense of duress, it is within the jury's province gauge Defendant's credibility and choose to disbelieve Defendant's trial testimony. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). Moreover, a defendant's testimony, if disbelieved, can be substantive evidence of guilt. United States

v. Ellisor, 522 F.3d 1255, 1272 (11th Cir. 2008). In choosing to testify, Defendant "r[an] the risk that if disbelieved the jury might conclude the opposite of his testimony is true." United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995). As such, Defendant is not entitled to a judgment of acquittal based on this claim.

Finally, Defendant's argument relating to the Government's failure to establish a nexus between the criminal conduct and the United States fails. Defendant's argument is foreclosed by United States v. Rendon, 354 F.3d 1320, 1324-25 (11th Cir. 2003), cert. denied, 541 U.S. 1035 (2004). The Eleventh Circuit in Rendon found that the MDLEA does not have a nexus requirement. Id. As the Government was not required to prove a nexus between Defendant's criminal conduct and the United States, Defendant is not entitled to a judgment of acquittal.

**II. Motion for New Trial**

As to Defendant's motion for new trial, Rule 33(a), Fed.R.Crim.Pro., provides that the Court may grant a new trial "if the interests of justice so requires." The burden, of course, is on the defendant to establish that a new trial should be granted. To warrant a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Fernandez, 905 F.2d 350, 352 (11th Cir. 1990) (citing United States v. Martinez, 763

5

F.2d 1297, 1313 (11th Cir. 1985)). Moreover, the Court must find that the verdict is against the great weight of evidence in order to grant a new trial on evidentiary grounds. United States v. Sullivan, 1 F.3d 1191, 1196 (11th Cir. 1993) (citing Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)).

The Court finds that the interest of justice does not require a new trial in this case. The evidence did not preponderate heavily against the verdict. As the jury's finding Defendant guilty as to Count Two of the Indictment does not amount to a serious "miscarriage of justice," Defendant is not entitled to the relief he seeks.

Nor has Defendant demonstrated that he is entitled to a new trial based on giving the jury the pattern Modified "Allen" charge. As previously indicated, on January, 27, 2011, the Court gave the pattern Modified "Allen" charge (11th Circuit Pattern Jury Instructions (Crim.) Trial Instruction 5 (West 2010)) to the jury after the jury sent a note that it could not reach a verdict as to either Count after approximately three hours of deliberations. After receiving the instruction, the jury adjourned for the day and resumed deliberating the following morning. The jury deliberated approximately 90 minutes the morning of January 28, 2011, when the jury reached a verdict.

The Eleventh Circuit has repeatedly approved the pattern "Allen" charge utilized by the Court. See e.g. United States v.

Woodard, 531 F.3d 1352, 1364 (11th Cir. 2008) (and cases cited therein). Further, according to the law of the Eleventh Circuit, "the pattern Allen charge is not coercive because it specifically requests that no juror is expected to give up an honest belief he or she may have as to the weight or effect of the evidence." United States v. Demarest, 570 F.3d 1232, 1242 (11th Cir.) (citation omitted), cert. denied, 130 S.Ct. 421 (2009).

Finally, Defendant contends he is entitled to a new trial because the Government placed "undue emphasis" on his post-arrest statement. Defendant contends that Defendant's "supposed remarks were emphasized and stressed as admissions of guilt." (D-110, p. 10.) Defendant provides no support for his cryptic claim.

Defendant chose to testify at trial in his on behalf. In the Government's rebuttal case, Special Agent Coker testified regarding his post-arrest interview of Defendant.[1] The Court gave specific instructions to the jury with regard to its consideration of S/A Coker's testimony. In this regard, the Court instructed the jury as follows:

> During the trial, Special Agent Coker testified about what the Defendant related to him in their interview regarding Defendant's involvement in this

---

[1] The morning of trial, Defendant filed a motion to suppress relating to the interrogation. The Government agreed at a hearing that evidence relating to Defendant's interrogation was inadmissible in its case-in-chief. The Government stated it would reserve the evidence for impeachment purposes in the event Defendant chose to testify. Defense counsel replied, I think that would be the permitted opportunity if he testifies." The Court accepted the parties' resolution of the motion.

7

matter. That testimony, in some respects, maybe inconsistent with the Defendant's earlier testimony. You may not consider the statements allegedly made by Defendant to S/A Coker as true. They were offered by the Government solely for the purpose of arguing that if inconsistent statements were made by the Defendant, this could be impeachment evidence and could reflect on Defendant's credibility. It is your responsibility to make this determination.

(D-91 at C-1.)

A voluntary statement obtained in violation of a defendant's Fifth or Sixth Amendment right to counsel is not admissible in the prosecution's case-in-chief, but may be used on rebuttal for purposes of impeaching a defendant's credibility. Michigan v. Harvey, 494 U.S. 344, 351-52 (1990); Harris v. New York, 401 U.S. 222, 225-26 (1971). Here, the Government's evidence relating to Defendant's statements to S/A Coker was admitted during the Government's rebuttal case solely for impeachment purposes and the jury so instructed. A jury is presumed to follow a court's instructions. United States v. Phelps, 733 F.2d 1464, 1473 (11th Cir. 1984). The Court therefore finds Defendant is not entitled to the relief he seeks as to this claim.

The Court ORDERS as follows:

(1) Defendant's Motion for Judgment of Acquittal (D-109) and, Motion for New Trial (D-110) are DENIED.

DONE AND ORDERED in Tampa, Florida this 28th day of March, 2011.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE